857 P.2d 656

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ernesto Garcia GOMEZ, Defendant–Appellant.**

**No. 20211.**

Court of Appeals of Idaho.

Aug. 6, 1993.

into the mattress?" Fee replied "No, sir."

Severt Swenson, Jr. of Swenson & Scoggin, Gooding, for appellant.

Larry EchoHawk, Atty. Gen. and Thomas P. Watkins, Deputy Atty. Gen., for respondent.

PERRY, Judge.

Ernesto Garcia Gomez appeals from the district court's order denying his I.C.R. 33(c) motion to withdraw his guilty plea to second degree burglary and in the alternative, appeals from the sentence imposed. The issues are whether the district court abused its discretion in denying the Rule 33(c) motion and whether the sentence imposed is excessive. We affirm.

On April 26, 1992, Gomez, along with a fifteen-year-old boy, broke into the vehicle of Bernice Quigley. They drove the vehicle approximately nine miles away before abandoning it. Gomez also took Mrs. Quigley's purse. As a result, Gomez was bound over to the district court on a four count information including two felonies: first degree burglary and aiding and abetting a

grand theft; and two misdemeanors: aiding and abetting the driving of a motor vehicle without owner's consent and encouraging a minor to come within the purview of the Youth Rehabilitation Act.

Pursuant to a plea negotiation, Gomez pled guilty to second degree burglary and the remaining counts were dismissed. As part of that agreement, the state agreed to recommend a sentence of retained jurisdiction pursuant to I.C. § 19–2601 provided that Gomez had no previous felony convictions. However, at the time of sentencing, the presentence report revealed a prior felony, and the prosecutor consequently recommended incarceration. The district court, upon further discussion with Gomez and his counsel, imposed a sentence of five years with three years' minimum confinement. After sentencing, Gomez filed a motion to withdraw his plea of guilty under I.C.R. 33(c).

## DENIAL OF I.C.R. 33(c) MOTION

The standard of review by the appellate court on a Rule 33(c) motion is such that the defendant must show an abuse of discretion by the trial court. *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1990); *State v. Ramirez*, 122 Idaho 830, 839 P.2d 1244 (Ct.App.1992).

After sentencing, the court may allow the withdrawal of a plea of guilty only to "correct manifest injustice." Idaho Criminal Rule 33(c). Therefore, as in *Ramirez, supra*, it was Gomez' burden to demonstrate that manifest injustice would result if his motion to withdraw his guilty plea was denied.

In this case the record establishes that Gomez understood the consequences of his plea. He was questioned in detail by the district court concerning every aspect of the plea, his waiver of his constitutional rights, his waiver of his theory of defense as to intoxication, his education, his work history and the possible penalty for the offense charged. He acknowledged that the plea agreement was not binding upon the court, that no promises had been made to him concerning the sentence and that he

had no expectations of probation. Gomez recognized that the recommendation of the prosecutor was conditioned upon Gomez' lack of a prior felony record. At no time before sentencing did Gomez indicate any desire to withdraw his plea of guilty. The record shows Gomez knowingly, intelligently and voluntarily entered his plea. *Carrasco, supra.* Upon review of the record, we conclude that no "manifest injustice" has been shown by Gomez. Consequently, the district court did not abuse its discretion in denying the Rule 33(c) motion.

Therefore, the order of the district court denying Gomez's Rule 33(c) motion is affirmed.

## SENTENCE IMPOSED

 Gomez acknowledges in his appellate brief that he must establish the district court clearly abused its discretion when imposing the sentence with a minimum period of confinement of three years for second degree burglary. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A sentence of confinement is reasonable if it appears necessary to protect society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

At the time of sentencing, Gomez was thirty-nine years of age. The presentence report contained approximately twenty law violations dating back to 1968. Most of those offenses dealt with theft and burglary. His previous felony conviction was, in fact, another burglary. He had been placed on probation for twelve months in March, 1992, for a misdemeanor insufficient funds check charge which had been reduced from a felony. One month into that probation, he was charged with the current offense.

The district court explained that based upon the prior record, Gomez was likely to re-offend. The court considered the seriousness of the crime and the need to deter Gomez from further crime. Gomez testified at his sentencing hearing concerning his substance abuse problems and presented a witness on his behalf. The court took note of the fact that Gomez had been given the opportunity to seek treatment for that problem in the past but had not been successful. Weighing the prospects of rehabilitation, the protection of society, probation possibilities, deterrence and retribution the district court determined that a prison sentence was appropriate. Upon review of the entire record, we hold that the district court did not abuse its discretion in imposing the sentence.

Therefore, the judgment of the district court and the sentence imposed are affirmed.

WALTERS, C.J., and LANSING, J., concur.