69 P.3d 181

STATE of Idaho, Plaintiff–Respondent,

v.

Derek W. HAYES, Defendant–Appellant.

Nos. 27044, 27134.

Court of Appeals of Idaho.

Feb. 7, 2003.

Review Denied May 16, 2003.

Molly J. Huskey, State Appellate Public Defender; Julie D. Reading, Deputy Appellate Public Defender, Boise, for appellant. Julie D. Reading argued.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

JUDD, Judge Pro Tem.

This is a consolidated appeal from the district court's judgments of conviction and sentences for robbery, Idaho Code § 18-6501, and eluding a police officer, I.C. § 49-

1404, and from the district court's denial of Derek Hayes's I.C.R. 35 motion for reduction of sentences and I.C.R. 33 motion to set aside his guilty pleas. Hayes claims that the district court erred by accepting his guilty pleas without conducting a hearing to determine his fitness to proceed and by failing to make a specific finding regarding his competency, that the sentences imposed were excessive, that the district court abused its discretion by denying his motion to reduce his sentences and that the district court erred by denying his motion to withdraw his guilty pleas. We affirm.

## I.

### BACKGROUND

On February 8, 2000, Hayes robbed a First Security Bank in Pocatello, Idaho. He entered the bank wearing a black ski mask and carrying a bag and a BB gun. Hayes demanded that the tellers put money in the bag, and after they complied, he left the bank and drove off. Police later pursued him on a high-speed chase that ended when Hayes collided with another vehicle.

The State charged Hayes with two counts of robbery, one count of eluding a police officer, and one count of grand theft by possession of stolen property, I.C. §§ 18–2403, –2407, and alleged the applicability of the extended sentence statute for use of a firearm. I.C. § 19–2520.

Hayes moved for the appointment of Dr. Mark Corgiat to conduct a competency evaluation. The district court instead appointed Dr. Linda Hatzenbuehler to complete a psychological evaluation of Hayes. While Dr. Hatzenbuehler noted that medicinal use of St. John's Wort would improve Hayes's cooperation in this case, she concluded that he was not lacking capacity in any area relevant to the proceedings and that he was competent to proceed.

Hayes thereafter pleaded guilty to both robbery and eluding a police officer pursuant to a plea bargain. Prior to sentencing, Hayes was evaluated by Dr. Corgiat who testified at the sentencing hearing. For the

crime of robbery, the district court sentenced Hayes to a unified term of thirty years in prison with ten years determinate. For eluding a police officer, the district court sentenced Hayes to a determinate term of five years in prison, to be served concurrently with the sentence for robbery. About two weeks following the sentencing, Hayes filed an I.C.R. 35 motion seeking a reduction in his sentence. Following a hearing, the district court denied Hayes's motion for reduction of sentence.

Hayes, acting pro se, filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty pleas, claiming that Dr. Hatzenbuehler was not qualified to evaluate his competency, that there had been a *Brady*[1] violation, perjury, and ineffective assistance of counsel, and that the plea and sentence were based on misinformation. The district court denied the motion after appointing new counsel for Hayes, finding that Hayes's guilty pleas were knowing, intelligent, and voluntary, that Dr. Hatzenbuehler was competent to evaluate Hayes, and that no constitutional right had been abridged.

Hayes appeals from the sentences imposed, the denial of his I.C.R. 35 motion, and the denial of his I.C.R. 33(c) motion.

## II.

### DISCUSSION

#### A. Guilty Pleas

In the absence of fundamental error, the entry of a valid guilty plea constitutes a waiver of all non-jurisdictional defects unless the same are preserved for appellate review either by entering a conditional guilty plea pursuant to I.C.R. 11(a)(2) or by moving to withdraw the guilty plea pursuant to I.C.R. 33. *State v. Green,* 130 Idaho 503, 505, 943 P.2d 929, 931 (1997); *State v. Wilhelm,* 135 Idaho 111, 115–17, 15 P.3d 824, 828–30 (Ct. App.2000). Although Hayes's guilty plea was unconditional, he did file a motion to withdraw his guilty plea.

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

## 1. Initial acceptance of guilty pleas

■ Hayes argues that the district court committed fundamental error by not making a specific finding that he was competent and by not conducting a hearing to determine his fitness to proceed prior to accepting his guilty plea. The code sections relevant to this issue are I.C. §§ 18–210, –211, and –212. Idaho Code § 18–210 provides that a person who lacks capacity to understand the proceedings against him or to assist in his own defense because of a mental disease or defect may not be tried, sentenced, or punished for the commission of an offense. Idaho Code § 18–211 provides that when there is reason to doubt the defendant's fitness to proceed, the court shall appoint a psychiatrist or psychologist to examine and report on the defendant's mental condition. Idaho Code § 18–212, which is the focus of Hayes's argument, provides that "[w]hen the defendant's fitness to proceed is drawn in question, the issue shall be determined by the court." Thus, the question presented is whether Hayes's fitness to proceed was put in issue so that it was necessary for the court to either conduct a hearing or make a formal finding on Hayes's competency prior to accepting the plea.

■ A trial court has no duty to independently inquire as to the competency of a defendant unless the defendant raises the issue by motion or by presenting evidence showing lack of competency. *State v. Fuchs,* 100 Idaho 341, 346, 597 P.2d 227, 232 (1979); *Wilhelm,* 135 Idaho at 115, 15 P.3d at 828. In *Fuchs,* the defendant, charged with murder in the first degree, filed a notice of intent to rely on the defense of not guilty by reason of mental disease or defect, which defense had not yet been abolished in the state of Idaho. Although the trial court ordered a psychiatric examination of the defendant, the examination never took place. The defendant thereafter withdrew her insanity plea and pleaded guilty to murder in the second degree.

On appeal, the defendant Fuchs argued that the trial court erred by not requiring a mental evaluation to ensure that she was competent to waive her constitutional rights at the time she pleaded guilty. *Fuchs* at 344,

597 P.2d at 230. Pursuant to I.C. § 18–212, the question addressed by the Idaho Supreme Court was whether Fuchs drew her fitness to proceed into issue by filing her notice of intent to rely on the insanity defense. *Id.* at 345, 597 P.2d at 231. The Idaho Supreme Court held that because Fuchs withdrew her defense of insanity and pleaded guilty, her competency was not in question, and the trial court was not required to conduct a hearing to determine her sanity. *Id.* at 345–46, 597 P.2d at 231–32.

The Idaho Supreme Court also addressed the issue of what responsibilities a trial court has to *sua sponte* evaluate a defendant's competency even where competency has not been put in issue. *Id.* at 346, 597 P.2d at 232. The Court indicated that a hearing is required if the trial judge should have entertained a good-faith doubt as to the capacity of the defendant to understand the nature and consequences of the plea. *Id.* at 346–47, 597 P.2d at 232–33. After reviewing the evidence before the trial court, the Court held that the evidence was insufficient to create a good-faith doubt as to Fuchs's competency. *Id.* at 347, 597 P.2d at 233. This Court has continued to apply this framework, as has the United States Supreme Court. *Godinez v. Moran,* 509 U.S. 389, 401, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321, 333 (1993); *Wilhelm,* 135 Idaho at 115, 15 P.3d at 828.

In this case, as in *Fuchs,* Hayes's fitness to proceed was not in issue because the information given to the district court was not sufficient to trigger an obligation for the court to conduct a hearing to determine if Hayes had the capacity to understand the proceedings against him. A review of the evidence and materials available to the district court prior to the acceptance of Hayes's guilty pleas establishes that the district court had no reason to doubt Hayes's competency. Dr. Hatzenbuehler's report, which was considered by the district court prior to accepting Hayes's guilty plea, concluded that Hayes was not incompetent and could understand the proceedings.

Hayes's communications with the district court also demonstrated that he was able to understand the proceedings. Hayes agreed with the district court that he had never been

treated for mental illness, disease, or disorder, and knew of no reason why he should not understand what his guilty plea entailed. Hayes specifically told the district court that he was waiving his rights to "a jury trial, the right to face my accusers, the right to call witnesses, and the right to remain silent" and that he understood that the consequences of pleading guilty were "[m]aximum life on the robbery and five years on eluding."

Hayes did not present any evidence that should have given the district court a good-faith doubt as to his capacity to understand the proceedings or his fitness to proceed. Therefore, we hold that the absence of a hearing on Hayes's fitness to proceed and the lack of a specific finding on his competency do not constitute fundamental error. Because Hayes's competency was not drawn into issue, we need not address his argument that a different standard applies for determining the competency of a defendant to plead guilty as compared to the competency required to stand trial.

### 2. Motion to withdraw guilty plea

■ On review of the trial court's denial of a Rule 33(c) motion to withdraw a plea, this Court applies an abuse of discretion standard. It is the defendant's burden to demonstrate that manifest injustice would result if his motion to withdraw his guilty plea was denied. *State v. Gomez*, 124 Idaho 177, 178, 857 P.2d 656, 657 (Ct.App.1993). A plea of guilty may be withdrawn after sentencing only to correct manifest injustice:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

Idaho Criminal Rule 33(c). The district court correctly relied on *State v. Detweiler*, 115 Idaho 443, 767 P.2d 286 (Ct.App.1989), as authority for the proposition that its inquiry was limited to whether the guilty plea was entered knowingly, intelligently, and voluntarily. In *Detweiler*, we wrote:

> Of course, if the plea is legally defective, relief must be granted. Conversely, if the

plea has been made knowingly, intelligently and voluntarily, it usually cannot be withdrawn after sentencing. This strict standard is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and then withdraw the plea if the sentence is unexpectedly severe.

> . . . .

> Before accepting a guilty plea, the trial court must satisfy itself that the plea is offered voluntarily, knowingly and intelligently. The plea must be entered with "a full understanding of what the plea connotes and of its consequence." In Idaho, the trial court must follow the minimum requirements of I.C.R. 11(c) in accepting pleas of guilty. If the record indicates the trial court followed the requirements of I.C.R. 11(c), this is a prima facie showing that the plea is voluntary and knowing. The defendant then has the burden of persuasion to demonstrate a manifest injustice by establishing that the plea was induced by misapprehension, inadvertence or ignorance.

*Detweiler*, 115 Idaho at 445–46, 767 P.2d at 288–89 (citations omitted).

Hayes argues that the district court abused its discretion by denying his Rule 33(c) motion to withdraw his guilty pleas because it failed to make findings on all of his claims and because manifest injustice was shown. In his *pro se* motion, which also comprised the verified supporting memorandum, Hayes argued that Dr. Hatzenbuehler was not qualified to examine Hayes, that Dr. Hatzenbuehler incorrectly concluded that Hayes had the capacity to assist in his own defense, that *Brady* violations occurred before he pleaded guilty, that perjured testimony was presented at either the preliminary hearing or the sentencing hearing, that he received ineffective assistance of counsel, and that his guilty plea and sentence were based on misinformation. At oral argument, after the district court had appointed new counsel for Hayes, Hayes limited his arguments to the claims that Dr. Hatzenbuehler was not qualified to determine whether Hayes had the capacity to understand the proceedings, that Hayes should have been evaluated as

not having the capacity to understand the proceedings, and that Hayes received ineffective assistance of counsel. During the hearing the district court advised Hayes that the issue of ineffective assistance of counsel would need the development of a greater record, which could best be done in the context of a post-conviction proceeding. The district court later issued its opinion, by which it found that Hayes's plea was knowingly, voluntarily, and intelligently entered. The district court also found that Dr. Hatzenbuehler was qualified to evaluate Hayes and that Dr. Hatzenbuehler's finding that Hayes was competent to proceed was not contradicted by anything in the record. The district court did not address Hayes's other claims.

■ We ordinarily do not address claims of ineffective assistance of counsel on direct appeal, and decline to do so here. This is because the record on direct appeal is rarely adequate for review of such claims. *See, e.g., State v. Saxton,* 133 Idaho 546, 549, 989 P.2d 288, 291 (Ct.App.1999). If we were to address the merits of the claim of ineffective assistance of counsel on direct appeal, an adverse decision would become *res judicata,* thereby barring the claim in a post-conviction action. *Id.* Therefore, we do not address Hayes's claim of ineffective assistance of counsel.

■ The report of Dr. Hatzenbuehler, wherein she reported her conclusion that Hayes was competent to proceed, and the sentencing hearing testimony of Dr. Corgiat, wherein he recommended rehabilitative programs for Hayes but did not comment regarding Hayes's capacity to understand the proceedings, as well as the transcript of the plea hearing (discussed above), support the district court's conclusion that Hayes entered his guilty pleas knowingly, intelligently, and voluntarily.

■ Both the alleged *Brady* violation and perjury claims apparently relate to differences or inconsistencies between the testimony of the bank teller at the preliminary hearing and a statement by her that was included in the PSI. Our review of the record before the district court shows that Hayes

failed to present either evidence or argument in support of his claims concerning alleged *Brady* violations and perjury. On appeal, Hayes has failed to provide us with the transcript of the preliminary hearing. It is the appellant's duty to furnish the record necessary to review his claims. In the absence of such record, error will not be presumed. *State v. Soto,* 127 Idaho 324, 900 P.2d 800 (Ct.App.1995). While the better practice would have been for the trial court to specifically rule on such claims, its failure to do so in this case does not provide a basis for relief under I.C.R. 33(c).

Therefore, we hold that the district court did not abuse its discretion in denying Hayes's Rule 33(c) motion to withdraw his guilty plea.

**B. Sentencing**

■ Hayes argues that the district court abused its discretion by imposing excessive sentences. When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation, and retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). For purposes of appellate review, we consider the minimum period of confinement to be the probable duration of incarceration. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993). Where reasonable minds might differ as to the length of the sentence, we will not substitute our view for that of the district court. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Admyers,* 122 Idaho 107, 108, 831 P.2d 949, 950 (Ct.App.1992). The sentencing court's decision to impose a period of incarceration

rather than probation is reviewed under these same criteria. *State v. Moore,* 131 Idaho 814, 824, 965 P.2d 174, 184 (1998).

■ Hayes argues that the sentence of thirty years in prison, with ten years determinate, was excessive in light of his mental dysfunction, rehabilitative potential, substance abuse problem, recognition of his problem, willingness to receive treatment, and support from others. Hayes also argues that the district court should have retained jurisdiction in this matter so as to have additional time to evaluate Hayes's potential for rehabilitation. Our independent review of the record shows that there was no abuse of discretion. Robbery carries a maximum punishment of life in prison. I.C. § 18–6503. Prior to sentencing, the district court heard testimony from Dr. Mark Corgiat regarding a brain injury that Hayes sustained during a motorcycle accident, which showed that Hayes had difficulty structuring his life and learning from his experiences, as well as testimony from Hayes's mother whereby she expressed her willingness to help Hayes deal with his problems. According to Hayes, he robbed the bank because he had just lost his job, his ex-wife needed money to pay for rent and food and their two-year-old daughter needed to see a doctor for heart problems. Hayes claimed, "[t]he welfare of my daughter was the only thing I could understand." However, the district court also considered the facts that Hayes's criminal record included a previous robbery, which he claimed was also motivated by a desire to help his then-current girlfriend pay for food, rent, and other bills, and that while Hayes had completed probation in that case, the punishment did not deter him from committing another robbery. Stating that its most important responsibility was to protect society, the district court determined that probation was not appropriate for Hayes and that a determinate period of ten years in prison was necessary to protect society. We hold that this was not excessive under any reasonable view of the facts, and was therefore not an abuse of discretion.

■ Hayes also argues that the district court abused its discretion by denying his Rule 35 motion for reduction of sentence after the district court learned that the Idaho Correctional Center, at which Hayes was incarcerated, had limited programs aimed at rehabilitation, and that Hayes had been studying self-help books in an attempt to better himself. Hayes also argues that the district court's finding that there was "no information presented at this hearing that had not been presented at sentencing," was erroneous, and therefore requires this Court to find an abuse of discretion.

■ A motion to reduce an otherwise lawful sentence is essentially a plea for leniency, and a decision on such a motion is committed to the sound discretion of the sentencing court. *State v. Wersland,* 125 Idaho 499, 504, 873 P.2d 144, 149 (1994); *State v. Lavy,* 121 Idaho 842, 845, 828 P.2d 871, 874 (1992); *State v. Hernandez,* 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App. 1991). If the original sentence was not excessive when imposed, the appellant must demonstrate that it is excessive in light of new or additional information presented with the motion to reduce the sentence. *State v. Springer,* 122 Idaho 544, 545, 835 P.2d 1355, 1356 (Ct.App.1992).

While the statement in the district court's written decision that no new information was presented at the hearing was inaccurate, this does not demonstrate that the district court failed to reach its denial of Hayes's motion through an exercise of reason. In fact, the district court acknowledged the testimony given at the hearing:

> At the hearing, the Court first heard an oral statement from the Defendant. Next, the Court heard statements from the Defendant's Mother, Cheryl Hayes, and the Defendant's brother, Shane Hayes, without objection from the State of Idaho.... While the Defendant's family seems to be good people and the Court was impressed with their sincerity, the Court believes it had no alternatives in this situation....

The district court focused on the similarity between Hayes's two robbery convictions, and concluded that because rehabilitation had been ineffective after Hayes's first conviction, rehabilitation was not an appropriate remedy in this case. Therefore, in order to

protect society from Hayes, the district court concluded that incarceration was necessary, and denied Hayes's Rule 35 motion for reduction of sentence.

The additional information provided regarding the programs at the Idaho Correctional Center and Hayes's course of study was of marginal relevance. Considering Hayes's past crime, the determinate sentence of ten years in prison was still not excessive in light of this additional information, and we conclude that the district court did not abuse its discretion by denying Hayes's Rule 35 motion.

## III.

## CONCLUSION

We conclude that, as Hayes's fitness to proceed was not called into question before the trial court, the absence of a hearing on his fitness to proceed and the lack of a specific finding on his competency do not constitute error; that, as Hayes's guilty pleas were entered knowingly, intelligently and voluntarily and he failed to support his claims of perjury and *Brady* violations, the trial court properly denied his I.C.R. 33 motion to withdraw his guilty pleas; that the trial court properly deferred ruling on Hayes's claim of ineffective assistance of counsel; and that there was no abuse of the trial court's discretion in either the sentences imposed on Hayes or the denial of his I.C.R. 35 motions. Therefore, the denial of Hayes's I.C.R. 33 and I.C.R. 35 motions and the judgments of conviction and sentences are affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.