**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36296**

| | |
|---|---|
| STATE OF IDAHO, | ) 2010 Unpublished Opinion No. 650 |
| | ) |
| Plaintiff-Respondent, | ) Filed: September 24, 2010 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| BRANT G. HILL, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction and sentence for sexual battery of a minor child sixteen or seventeen years of age, <u>affirmed</u>.

Sasser Law Office, Pocatello, for appellant. M. Anthony Sasser argued.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent. Jennifer E. Birken argued.

_____

WALTERS, Judge Pro Tem

Brant G. Hill appeals his judgment of conviction for sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A(1)(c), rendered on his plea of guilty. He argues that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 12, 2008, a criminal complaint was filed against Hill for sexual battery of a minor child sixteen or seventeen years of age under I.C. § 18-1508A(1)(c). The victim, a seventeen-year-old male, reported to a police officer that he was invited over to Hill's home for a party, but no one else arrived. The victim and Hill began drinking cocktails, and the victim passed out. He awoke to Hill performing oral sex on him. Hill attempted to convince the victim to perform the same act on Hill or to masturbate for Hill. The victim resisted by acting like he

1

was waking up and moving away; he left in the morning. When the investigating officer questioned Hill, he stated that he had drunk too much on the night in question to remember what had occurred. However, Hill did not deny the event had occurred, and acknowledged that in the morning he observed the victim sleeping naked from the waist down. Hill did not offer any explanation why the victim would lie about the event.

On October 14, 2008, a change of plea hearing was held and Hill pled guilty to sexual battery of a minor child sixteen or seventeen years of age, in return for the State recommending felony probation. The district court accepted the guilty plea and scheduled sentencing for November 24, 2008. Rather than having a sentencing hearing, Hill requested that the district court withdraw his guilty plea. The district court denied the request. Hill filed a subsequent motion requesting to withdraw his guilty plea, and he also testified at a January 20, 2009, hearing. The district court again denied Hill's request. The court subsequently sentenced Hill to a unified sentence of seven years with three years determinate, suspended the sentence, and placed Hill on supervised probation for five years. Hill appeals.

## II.

## DISCUSSION

Hill argues the trial court erred in denying his motion to withdraw his guilty plea. "The decision to grant a motion to withdraw a guilty plea is left to the sound discretion of the district court." *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008). Idaho Criminal Rule 33(c) governs the withdrawal of guilty pleas and states:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

The right to withdraw a guilty plea before sentencing, however, is not absolute; a defendant must demonstrate a "just reason" for withdrawing the plea. *See State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). The defendant has the burden of proving that the plea should be withdrawn. *State v. McFarland*, 130 Idaho 358, 362, 941 P.2d 330, 334 (Ct. App. 1997); *see also State v. Wyatt*, 131 Idaho 95, 952 P.2d 910 (Ct. App. 1998). Once a defendant meets this burden, the State can avoid the granting of the motion by demonstrating that it will be prejudiced by the plea withdrawal. *Dopp*, 124 Idaho at 485, 861 P.2d at 55. Even if the State will suffer no prejudice from a defendant's plea withdrawal, a motion to withdraw may still be denied if the

2

defendant fails to present and support a plausible reason for granting the withdrawal. *McFarland*, 130 Idaho at 362, 941 P.2d at 334.

Hill argues three grounds as just reason to withdraw his plea: (1) the plea was not voluntary; (2) the court did not provide Hill an opportunity to withdraw his guilty plea under I.C.R. 11(f)(4) after it rejected the plea agreement; and (3) his counsel was ineffective in advising him to plead guilty. Each will be addressed in turn.

## A. Voluntary Plea

First, Hill argues his plea was not voluntary because he "simply changed his guilty plea because that is what his counsel told him to do, not because that is what he wanted to do."[1] Due process requires that a defendant's plea be entered voluntarily, knowingly, and intelligently. *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). The plea must be entered with "a full understanding of what the plea connotes and of its consequence." *Brooks v. State*, 108 Idaho 855, 857, 702 P.2d 893, 895 (Ct. App.1985). In Idaho, the trial court must follow the minimum requirements of I.C.R. 11(c) in accepting guilty pleas. If the record indicates that the trial court followed the requirements of I.C.R. 11(c), this is a prima facie showing that the plea is voluntary and knowing. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

The transcript does not support Hill's claim. On October 14, 2008, Hill changed his plea from not guilty to guilty. The transcript for the change of plea hearing, in part, states:

> THE COURT: All right. Mr. Carter, anything resolved in this case?
> [DEFENSE COUNSEL]: Yes, Your Honor. We have reached a plea agreement with the State in this case. Mr. Hill is prepared to change his previously entered not guilty plea to a guilty plea pursuant to recommendations from the State.
> THE COURT: And what is that going to be --
> [DEFENSE COUNSEL]: It is guilty to the -- the Sexual Battery of a Child Seventeen Years of Age, and the recommendation is for felony probation.
> THE COURT: Is that correct, [prosecutor]?
> [PROSECUTOR]: It is, Your Honor, yes.

---

[1] As part of his claim that the plea was involuntary, Hill argues that he "did not and has never believed or thought he was guilty of the allegations leveled against him by the State." The Supreme Court, however, has held that "a denial of factual guilt is not a just reason for the later withdrawal of the plea, in cases where there is some basis in the record of factual guilt." *Dopp*, 124 Idaho at 486, 861 P.2d at 56. In reaching its holding, the Court recognized that allowing defendants to withdraw their guilty pleas with a subsequent assertion of innocence would undermine the usefulness of guilty pleas and lead to a reluctance to accept guilty pleas. *Id*. at 486, 861 P.2d at 56.

THE COURT: All right. Sir, I'll withdraw your prior plea to the felony charge of Sexual Battery of a Minor Child Sixteen or Seventeen Years of Age, and would you like to enter a new plea today?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And what is your plea, sir?

THE DEFENDANT: Guilty.

THE COURT: Before I accept your plea, I'm going to ask you some questions. In Bannock County, Idaho did you cause or have sexual contact with the minor individual named in the Information, of the present age of seventeen years, with the intent of arousing, appealing to, and/or gratifying your lust and sexual desires?

THE DEFENDANT: No.

[DEFENSE COUNSEL]: Well, Your Honor, this is a little bit difficult case in that the factual basis is there for the State to have proven the case beyond a reasonable doubt. [Mr. Hill] was heavily intoxicated on the night in question and cannot recall details of the occurrence, and so on that basis he would be pleading guilty to the charge but -- I don't know if the court wanted to consider that an *Alford* plea or not.

THE COURT: I won't take an *Alford* plea.

[DEFENSE COUNSEL]: So --

THE COURT: If he says he didn't do it, then we'll set it for jury trial. Do you want to talk to him some more, [defense counsel]? You want to talk to him some more?

[DEFENSE COUNSEL]: Yes, Your Honor.

(WHEREUPON, COUNSEL CONFERS WITH THE DEFENDANT.)

[DEFENSE COUNSEL]: You want to rephrase that question again then?

THE COURT: All right. Sir, I'll ask you again -- first of all, sir, how old are you?

THE DEFENDANT: Thirty-five.

. . . .

THE COURT: Okay. And in Bannock County, Idaho, on or about December 24th, 2007, did you cause or have sexual contact with a minor child, as named in the Information, of the present age of seventeen years, with the intent of arousing, appealing to, and/or gratifying your lust and sexual desires?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Did he complete a questionnaire, [defense counsel]?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: I've been handed this document, sir, did you complete this in your own handwriting?

THE DEFENDANT: Yes.

THE COURT: And did you know and understand the questions that you considered?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And the signatures on all of these pages, these are all yours and this has been signed by your attorney?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And your answers are all true and correct?

THE DEFENDANT: Yes.

. . . .

THE COURT: And, sir, with regard to your plea of guilty, has anybody threatened you to get you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Anybody promised you anything to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: Is your plea of guilty entered entirely voluntarily and of you own free will?

THE DEFENDANT: Yes.

THE COURT: And has anybody told you or promised you what sentence you're going to receive if you plead guilty?

THE DEFENDANT: No.

THE COURT: Now, the State has made agreement, as I understand it, at sentencing they're going to recommend probation, but that is not binding on the Court. I'm not trying to scare you but you just have to understand what you're doing; okay?

THE DEFENDANT: Okay.

THE COURT: And is that okay with you?

THE DEFENDANT: Yes.

THE COURT: And any other promises been made to you that have an affect on your plea of guilty?

THE DEFENDANT: No.

THE COURT: And nobody has threatened you to get you to plead guilty, have they?

THE DEFENDANT: No.

THE COURT: And anybody tell you what sentence you're going to get if you plead guilty?

THE DEFENDANT: No.

THE COURT: Okay. And you want me to accept -- huh?

THE DEFENDANT: Nothing.

THE COURT: You want me to accept your plea of guilty?

THE DEFENDANT: Yes.

The court then accepted Hill's guilty plea and ordered him to participate in a presentence investigation.

On November 24, 2008, Hill requested to withdraw his guilty plea. Hill argued that he did not understand he would be pleading guilty as part of the plea agreement. The district court heard the argument and then reread the change of plea questionnaire that Hill completed as part of his guilty plea. Through the questionnaire Hill swore, under penalty of perjury, that he was

guilty of the crime, he desired to plead guilty, his plea was not an *Alford*[2] plea, and he was pleading guilty freely and voluntarily. The district court concluded Hill's guilty plea was entered knowingly and voluntarily and denied Hill's motion.

On January 20, 2009, a second hearing was held and Hill requested the district court to reconsider its decision. Hill testified that he was unaware that he was going to have to plead guilty under the plea agreement, and that he only marked guilty on the questionnaire upon instruction from his attorney. The district court found Hill's testimony unreliable in the face of his plea colloquy and the questionnaire. The court again denied Hill's motion because his plea was given knowingly and voluntarily, and was not coerced.

On appeal, Hill argues his plea was not voluntary because he did not want to plead guilty. During the plea colloquy, Hill stated that he understood the charges against him, he understood the consequences, no one coerced him into pleading guilty, and he committed the crime. The district court found Hill's plea was knowing and voluntary, and found Hill's subsequent repudiation of these statements unreliable. Hill has failed to demonstrate that the district court abused its discretion in denying his request to withdraw his guilty plea for the reason that his plea was involuntary.

## B.    Idaho Criminal Rule 11(f)(4)

Second, Hill argues the district court did not comply with I.C.R. 11(f)(4) in accepting Hill's plea. Idaho Criminal Rule 11(f)(4) states:

> *If the court rejects the plea agreement, the court shall,* on the record, inform the parties of this fact, advise the defendant personally in open court, or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, *afford the defendant the opportunity to then withdraw the defendant's plea*, and advise the defendant that if the defendant persists in the guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(Emphasis added.) Hill contends that because the district court rejected his attempt to present an *Alford*[3] plea of guilty the court was required to give him an opportunity to withdraw his guilty plea.[4] Hill refers to the change of plea hearing on October 14, 2008, to support his argument.

---

[2]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[3]    *Alford*, 400 U.S. 25 (recognizing that it is constitutionally allowable for a defendant charged with a capital crime to plead guilty to a lesser offense while still maintaining his

6

The transcripts quoted above show I.C.R. 11(f)(4) was inapplicable. At the change of plea hearing, the district court clearly articulated to Hill that it would not accept an *Alford* plea. As explained to the court, the plea agreement was for Hill to plead guilty in return for the State recommending felony probation. Hill has not shown that the plea agreement contemplated an *Alford* plea. Hill fulfilled his obligation under the plea agreement with a standard guilty plea. Idaho Criminal Rule 11(f)(4) only requires a court to allow a defendant to withdraw a plea when the court rejects the plea agreement. Because the court did not reject the plea agreement, Hill has failed to show I.C.R. 11(f)(4) was applicable.

Alternatively, the State argues I.C.R. 11(f)(4) is only applicable to binding plea agreements. When a plea agreement merely calls for a recommendation from the State to the court, as in this case, the court is only obligated to "advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea." I.C.R. 11(f)(2). This Court agrees that I.C.R. 11(f)(4) does not apply to plea agreements under I.C.R. 11(f)(1)(B), those that are mere recommendations to the court. The transcript shows the plea agreement was only a recommendation; I.C.R. 11(f)(4) was not applicable.

## C.     Ineffective Assistance of Counsel

Finally, Hill contends the district court erred in not revoking the plea agreement because his counsel rendered ineffective assistance in advising him to plead guilty. He requests this Court to consider the claim on direct appeal. To prevail on an ineffective assistance of counsel

---

innocence when there is evidence of guilt). An *Alford* plea occurs when a defendant that maintains his innocence agrees to plead guilty because of strong evidence of his guilt. *Schoger v. State*, 148 Idaho 622, 628, 226 P.3d 1269, 1275 (2010).

[4]     Hill does not argue, nor provide authority, that he had a right to present his guilty plea in the form of an *Alford* plea. It is established that defendants do not have a right to present their guilty pleas in the form of an *Alford* plea. *Schoger*, 148 Idaho at 630, 226 P.3d at 1277. In *Schoger,* the court rejected a defendant's attempt to plead guilty through an *Alford* plea and the defendant was ultimately convicted. The defendant argued the district court erred in rejecting the plea. The *Schoger* Court recognized that "there is a substantial body of Idaho case law demonstrating that *Alford* pleas may rightfully be accepted in situations where the defendant asserts factual innocence." *Id*. at 629 n.4, 226 P.3d at 1276 n.4. Yet the Court held "[w]e hereby remove all doubt by holding that no provision of Idaho law, including I.C.R. 11, requires a court to accept a guilty plea." *Schoger*, 148 Idaho at 630, 226 P.3d at 1277.

claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Ineffective assistance of counsel claims are not ordinarily addressed on direct appeal because the record is rarely adequate for review of such claims. *State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003). If this Court addressed the merits of the ineffective assistance of counsel claim on direct appeal, it would bar the claim in a post-conviction action. *Id*. It would also constitute disposition of a factual issue on which the State had no opportunity to present evidence. While Hill has provided an affidavit, the record does not include an affidavit or testimony from his trial counsel. We will not address Hill's claim of ineffective assistance of counsel on direct appeal.

### III.

### CONCLUSION

Hill has not shown that the district court abused it's discretion in denying his request to revoke his guilty plea. Hill's judgment of conviction is affirmed. This Court will not address his claim of ineffective assistance of counsel on direct appeal.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**