IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39589

| TRACI N. HADDEN, | ) | 2013 Unpublished Opinion No. 447 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 15, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Lincoln County. Hon. John K. Butler, District Judge.

Judgment summarily dismissing action for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Traci N. Hadden appeals the summary dismissal of three of her claims for post-conviction relief. We affirm.

## I.

## BACKGROUND

Hadden was found guilty by a jury of grand theft for stealing twenty calves owned by a local cattle rancher. The district court imposed a unified sentence of fourteen years with seven years determinate. Hadden appealed, raising allegations of district court error in instructing the jury and in the denial of her motion for change of venue. In *State v. Hadden*, 152 Idaho 371, 271 P.3d 1227 (Ct. App. 2012), this Court affirmed.

In a separate case, Hadden was charged with aiding and abetting attempted first degree murder, solicitation of first degree murder of a police officer, and grand theft by possession. The attempted murder charge arose from allegations that Hadden's minor son and her son's sixteen-

1

year-old friend shot Hadden's former father-in-law, Craig Hadden, multiple times and that Hadden aided the boys in their crime. The solicitation charge arose from allegations that Hadden had attempted to hire an undercover federal agent to kill a local police officer for $10,000. The grand theft charge arose from allegations that Hadden's minor son and her son's sixteen-year-old friend had stolen ATVs belonging to Craig Hadden and that Hadden had taken possession of those vehicles knowing they were stolen.

Pursuant to a plea agreement Hadden pleaded guilty to the attempted murder and the theft charge, and the solicitation charge was dismissed. The agreement was binding in that it called for mandatory ten-year fixed terms of imprisonment for both crimes and required the sentences to be served concurrently. The indeterminate portion of each sentence was left open to the judge's discretion as was the determination whether the sentences would be served concurrently with, or consecutive to, the grand theft of cattle sentence. The district court imposed a unified fifteen-year sentence, with ten years fixed, for attempted murder and a concurrent unified fourteen-year sentence, with ten years fixed, for grand theft. The court further ordered that the sentences would be served consecutively to the grand theft of cattle sentence.

Hadden filed a consolidated petition for post-conviction relief for both cases, alleging a number of claims of ineffective assistance of counsel. The district court denied relief. Hadden appeals from the district court's final judgment, contending that the court erred in summarily dismissing three of her claims of ineffective assistance of counsel.

## II.

## STANDARDS OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The

2

petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924

P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court explained that a claim asserting violation of the Sixth Amendment right to effective counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

To establish ineffectiveness, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).

## III.

## ANALYSIS

### A.    Counsel's Failure to Request a Continuance of Trial

In the grand theft of cattle case, Hadden contends that her counsel was ineffective for failing to move for a continuance of the trial. Specifically, she alleged that on the day before trial counsel told her of a plea offer by the State, that she was given "no more than thirty minutes to discuss the plea offer with counsel," and that she "did not fully understand the plea offer which had been made." She alleged that she asked counsel to request a continuance of the trial "to allow me to consider the plea offer before making a decision," but that defense counsel refused to make the motion.

The district court, assuming the truth of Hadden's averments, summarily dismissed the claim. The court concluded that defense counsel's representation did not fall below an objective standard of reasonableness because the court had discretion not to grant a request for a continuance and that "the mere desire to consider a plea offer is not good cause to continue a jury trial." We agree with the district court. Hadden's attorney could reasonably conclude that Hadden's desire for more time did not present good cause to request a continuance of the trial. Because Hadden failed to raise a genuine issue of material fact as to whether counsel made an error so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, Hadden has failed to establish deficient performance with respect to this claim.

Moreover, Hadden wholly failed to assert any prejudice or support such an assertion with admissible evidence. Among other things, she failed to assert and prove the terms of the alleged plea offer, failed to assert and prove that the plea offer was still open as of the first day of trial, failed to assert and prove that she would have pleaded guilty under the plea offer had she been given more time to consider it, failed to establish circumstances supporting a conclusion

5

that the district court would have accepted her guilty plea under the unknown terms of the plea offer, and failed to assert and prove a reasonable probability that her sentence under a plea of guilty, given her significant record of past theft and other criminal offenses, would have been more favorable than that imposed after her conviction at trial. As such, her claim also fails for a lack of a showing of prejudice. The district court did not err in summarily dismissing this claim for relief.

## B. Counsel's Failure to Request a Continuance of the Sentencing Hearing

In the attempted first degree murder and grand theft of the ATVs case, Hadden first contends that her counsel was ineffective for failing to move for a continuance of the sentencing hearing. She alleged that while in jail and several weeks prior to her sentencing hearing she had a "mental health breakdown," that she had been prescribed the drug Effexor and that she was under the influence of the drug, which left her feeling "very lethargic and foggy in thinking," on the day set for sentencing. She further alleged that she informed her counsel of these matters, and she asserts that counsel was ineffective for failing to move to continue sentencing.

The district court, assuming the truth of Hadden's averments, summarily dismissed the claim. The court stated, in part, that Hadden had failed to show prejudice because "the transcript of the sentencing hearing does not indicate that her ability to participate was in any way affected by her alleged medication." The court further stated that defense counsel's representation did not fall below an objective standard of reasonableness because Hadden had not shown that a request for a continuance would have been granted. On appeal, Hadden contends that the district court's analysis is faulty because she raised a genuine issue as to whether she was competent to be sentenced, and that a court has no discretion to allow a sentencing hearing to proceed in this circumstance.

The due process right to a fair trial encompasses a "right not to be tried or convicted while incompetent to stand trial." *Drope v. Missouri*, 420 U.S. 162, 172 (1975). The United States Supreme Court stated that it "has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Id*. at 171. This same competency standard applies for those who are pleading guilty rather than presenting a defense at trial. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). An Idaho statute implements this constitutional safeguard. Idaho Code § 18-210 provides that "[n]o person

6

who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted, sentenced or punished for the commission of an offense so long as such incapacity endures." Inquiry into a defendant's competency is required only if there is a good faith doubt as to the capacity of the defendant to understand the nature and consequences of the proceeding. *State v. Fuchs*, 100 Idaho 341, 346-47, 597 P.2d 227, 232-33 (1979); *State v. Hayes*, 138 Idaho 761, 764, 69 P.3d 181, 184 (Ct. App. 2003). Suggestive evidence includes the defendant's demeanor before the trial judge, irrational behavior of the defendant inside or outside of the courtroom, and available medical evaluations of the defendant's competence. *Drope*, 420 U.S. at 180; *State v. Hawkins*, 148 Idaho 774, 778, 229 P.3d 379, 383 (Ct. App. 2009).

This is not a close case. Even accepting Hadden's assertion that she was under the influence of medication that left her feeling "lethargic and foggy in thinking," the record as a whole falls far short of establishing a genuine issue regarding Hadden's competence to be sentenced. Hadden did not allege that her mental condition was such that she lacked the capacity to understand the nature and object of the sentencing hearing, to consult with counsel, or to assist in preparing her sentencing presentation, and the record shows the opposite to be true. Hadden's own allegations show that she *did* consult with counsel at the sentencing hearing and she expressed no confusion about the fact that she was about to be sentenced for attempted murder and grand theft. Hadden's responses to the court's inquiries were cogent and appropriate, and her allocution to the court where, in mitigation, she apologized to Craig Hadden and his family and further recognized that she was about to go to prison for at least ten years, shows no sign of confused thinking or inability to articulate her thoughts. The district court did not err in summarily dismissing this claim for relief for a lack of a sufficient showing establishing either deficient performance or prejudice.

## C.     Failure to Correct an Alleged Misquote in the Psychological Evaluation

In the attempted first degree murder and grand theft by possession case, Hadden also contends that her counsel was ineffective for failing to correct an alleged misquote of her statement to a psychologist. She alleged that she said to the psychologist that she had "no feelings regarding whether Mr. Hadden lived or died" but that the psychologist misquoted her as saying that Craig Hadden's death "would not have displeased her." Hadden further alleged that she told her counsel of this discrepancy, but that counsel incompetently failed to correct the

7

record. Hadden concludes that she has shown prejudice because the district court referenced the psychologist's alleged erroneous statement in imposing the sentences.

The district court determined, assuming that there was a misquote, that Hadden had failed to make a prima facie showing of deficient performance because there is no qualitative difference between the two statements. The district court said, "In the view of the court whether [Craig Hadden's] death would not have displeased [Hadden] or whether she had no feeling whether Mr. Hadden lived or died is a distinction without a difference." We agree with the district court's determination that the two statements are the functional equivalent of each other. They use different phrasing to express substantially the same thought. Therefore, the district court correctly held that defense counsel's alleged failure to "correct" the record was not an error so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The district court did not err in summarily dismissing this claim for relief for a lack of a showing of deficient performance.

## IV.
## CONCLUSION

The district court's judgment summarily dismissing the above claims is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**