IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35917

SHEY MARIE SCHOGER            )
           )
     Petitioner-Appellant,       )
           )
vs.                             )
           )
STATE OF IDAHO,           )
           )
     Respondent.           )
_____ )

Boise, December 2009 Term

2010 Opinion No. 13

Filed: February 1, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. The Hon. Joel D. Horton, District Judge.

Summary dismissal of application for post-conviction relief is <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, Boise, for appellant. Dennis Benjamin argued.

The Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

J. JONES, Justice.

Shey Schoger appeals from the district court's denial of her ineffective assistance of trial and appellate counsel claims. We affirm.

## I.

In 2004, Shey Schoger was charged with trafficking in methamphetamine (400 grams or more). The State and Schoger reached a plea agreement wherein Schoger would plead guilty to trafficking in methamphetamine (200 grams or more), and the State would recommend the mandatory minimum fixed sentence of five years with an unspecified indeterminate term. At the plea hearing, Schoger told the court that she had 56 grams of methamphetamine on her person and that there was more than 200 grams in her house that she shared with her boyfriend. In response, the court asked her whether she had intended to exercise control over the drugs in the house, and she responded "no." Based on this denial, the court refused to accept either her guilty plea or an *Alford* plea. At the ensuing trial, Schoger was found guilty of trafficking in

1

methamphetamine (400 grams or more) and was sentenced to the mandatory minimum fixed term of ten years and an indeterminate term of five years.

After Schoger lost an appeal in which she contended that her sentence was excessive, Schoger filed a petition for post-conviction relief in district court, alleging (1) that trial counsel provided ineffective assistance by failing to explain the factual and legal basis necessary for her to plead guilty and (2) that appellate counsel provided ineffective assistance by failing to advance the claim that the district court abused its discretion by rejecting Schoger's *Alford* guilty plea. On the first claim, the district court held that while trial counsel's performance was deficient for failing to advise Schoger of the elements of her offense, she was not prejudiced because she did not have a right to plead guilty to a crime that she denied committing. On the second claim, the district court held that appellate counsel was not ineffective because Schoger would not have prevailed even if the issue had been presented on direct appeal.

On appeal, the Court of Appeals affirmed the district court's denial of Schoger's ineffective assistance of appellate counsel claim. However, the Court of Appeals reversed the district court's denial of Schoger's ineffective assistance of trial counsel claim, holding that had Schoger properly understood the legal concept, she could have truthfully admitted to constructive possession of the methamphetamine. As a result, the Court of Appeals remanded the case for an evidentiary hearing on that issue. The State then requested, and we granted, review of all issues on appeal.

## II.

This Court grants review of decisions of the Idaho Court of Appeals in strictly limited circumstances. Under Idaho Appellate Rule 118(b), the "[g]ranting [of] a petition for review from a final decision of the Court of Appeals is discretionary on the part of the Supreme Court, and will be granted only when there are special and important reasons . . . ." Idaho App. R. 118(b). While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review, it reviews the district court's decision directly. *State v. Loomis*, 146 Idaho 700, 702, 201 P.3d 1277, 1279 (2009).

## A.

For an application for post-conviction relief based on a claim of ineffective assistance of counsel to survive summary dismissal, the petitioner must establish that: (1) a material issue of fact exists as to whether counsel's performance was deficient; and (2) a material issue of fact

exists as to whether the deficiency prejudiced the claimant's case. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Baldwin v. State*, 145 Idaho 148, 153, 177 P.3d 363, 367 (2008). To establish deficient assistance, the claimant has the burden of showing that her attorney's conduct fell below an objective standard of reasonableness. *Baldwin*, 145 Idaho at 153, 177 P.3d at 367. This objective standard embraces a strong presumption that the claimant's counsel was competent and diligent. *Id*. More simply put, "the standard for evaluating attorney performance is objective reasonableness under prevailing professional norms." *State v. Mathews*, 133 Idaho 300, 306, 986 P.2d 323, 329 (1999). Additionally, to establish prejudice, the claimant must show a reasonable probability that but for her attorney's deficient performance the outcome of the proceeding would have been different. *Baldwin*, 145 Idaho at 153, 177 P.3d at 367.

## 1. Trial Counsel

Schoger argues that trial counsel provided ineffective assistance by failing to explain the factual and legal basis necessary for her guilty plea. At the plea hearing, the following exchange transpired:

> BY THE COURT: So you can just tell me right now, did you know it was there or did you only possess 56 grams that you told me about at first?
>
> A: Yes. Yes. It was in the house and—
>
> Q: And you knew about it?
>
> A: I didn't know, I didn't know that much, but I knew there was some in there.
>
> Q: Did you have the intention to exercise control over it?
>
> A: No.

The district court then explained its rationale for rejecting her guilty plea: "What she has just told me here is a defense, is a factual innocence assertion as to the charge. . . . She's told me that she did not commit the crime to which she would have pled under the information." From this, Schoger argues that had she properly understood the intricacies of constructive possession, she may have answered truthfully that she did intend to exercise control, and the court would have accepted her plea.

Both the district court and the Court of Appeals held that the failure to advise a defendant of the elements of her offense is an omission that constitutes deficient performance. However,

3

the district court held that Schoger was not prejudiced by trial counsel's deficient performance because she did not have a right to plead guilty to a crime that she denied committing. The Court of Appeals reversed on this point, holding that "liberally construing the facts and reasonable inferences in favor of Schoger, her statements are sufficient to raise an inference that she would have admitted to constructively possessing the methamphetamine in the residence had she adequately understood the legal concept." The court further held that "[h]ad counsel adequately advised Schoger of the legal principle of constructive possession, Schoger perhaps would have truthfully admitted being in constructive possession."

We affirm the district court's denial of Schoger's ineffective assistance of trial counsel claim. Schoger argues that she may have truthfully admitted to being in constructive possession of the drugs had she understood the legal concept because the district court's question was directed only at her *future* intent to exercise control over the methamphetamine, and consequently, she may truthfully have admitted to constructively possessing the drugs by exercising control in the *past*.[1] Schoger argues that through this interpretation, she could have truthfully testified at an evidentiary hearing that she constructively possessed at least 200 grams. However, there is one major problem with Schoger's argument—Schoger cannot establish the requisite causation element of her claim. In other words, regardless of whether trial counsel's performance was deficient, Schoger cannot show that but for trial counsel's deficient performance, the outcome of the proceeding would have been different. Even if trial counsel would have explained the minutiae of constructive possession, and even further assuming that the district court's question was subject to conflicting interpretations, it does not follow that Schoger would have answered the district court's question any differently. Trial counsel's explanation of the elements of constructive possession would not have changed Schoger's interpretation of the district court's inquiry.[2]

Related to this, Schoger's assignment of error does not arise from trial counsel's failure to explain the elements of constructive possession, but rather arises from an alleged

---

[1] The logic behind this interpretation of the district court's question is suspect at best. It is unlikely that the district court was asking Schoger whether she intended to exercise control over the drugs after the plea colloquy, as the predicate acts for which she was charged must have occurred before the conversation transpired. And, the prospect that she would be in proximity to the drugs at any time after her arrest so to exercise any kind of possession was nonexistent.

[2] Supporting this conclusion is the fact that at no point in her briefing, affidavits, or otherwise has Schoger alleged that she would have answered the question any differently had she understood the concept of constructive possession.

4

misunderstanding by the court as to what Schoger was admitting. To illustrate, Schoger argues that her misunderstanding of the intricacies of constructive possession "combined with the Court's questions phrased in the future tense, led to a misunderstanding *by the Court* as to what Ms. Schoger was admitting." Thus, Schoger's assertion is, in effect, that the district court should not have rejected her guilty plea premised upon her denial of any future intent to exercise control over the methamphetamine. This assertion fails to establish a causal link between counsel's failure to explain the intricacies of constructive possession and the district court's rejection of her guilty plea.

To summarize, Schoger repeatedly argues that had she been properly instructed in the finer points of constructive possession, the court would have accepted her guilty plea. Completely missing in this analysis is the question of *why* that is the case—her argument lacks any explanation of cause and effect. Therefore, Schoger has not shown that but for trial counsel's deficient performance, the outcome of the proceeding would have been different. Consequently, because Schoger has not met her burden of proving the causation element of her ineffective assistance of counsel claim, she cannot show that she was prejudiced by trial counsel's alleged deficient performance. For this reason, we affirm the district court's summary dismissal of Schoger's claim for ineffective assistance of trial counsel.

## 2. Appellate Counsel

Schoger raises two distinct arguments on appeal supporting her contention that her appointed appellate counsel provided ineffective assistance by failing to challenge the district court's rejection of her *Alford*[3] plea. First, Schoger argues that appellate counsel provided ineffective assistance by failing to pursue a claim that the district court *abused its discretion* by rejecting her *Alford* plea. Second, Schoger alternatively argues that appellate counsel provided ineffective assistance by failing to pursue a claim that the district court *lacked the discretion* to reject her *Alford* plea. In response, the State argues that Schoger was not prejudiced by appellate counsel's decision not to pursue the claims because her arguments would not have been successful on appeal.

---

[3] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

5

### (a)  Abuse of Discretion

Schoger argues that appellate counsel provided ineffective assistance for failing to pursue a claim that the district court abused its discretion in rejecting her *Alford* plea. The basis for Schoger's claim arises from the following exchange at the plea colloquy:

> MR. BARNUM: Judge, would the court consider taking this in the manner of an Alford plea at this point? I understand the struggle with the factual basis.
>
> THE COURT: The short answer is no, and I'll tell you why, Mr. Barnum.
>
> By this plea of guilty, she gives up her right to appeal the decision on the suppression hearing.
>
> What she has just told me here is a defense, is a factual innocence assertion as to the charge. It's one thing to enter an *Alford* plea under true *Alford* circumstances, which was, "I don't recall," whether it be a function of mental illness, whether it be a function of voluntary consumption of alcohol, or other items. But an *Alford* plea, in my view, is not an appropriate mechanism for a defendant to say, "I didn't commit the crime, but I wish to avail myself of a plea offer in this case."

Schoger argues that the district court's rationale for its ruling is inconsistent with the legal standards articulated in *Alford*, and consequently, that the court did not reach its decision through an exercise of reason.

There is some question in this case about whether a district court's refusal to accept a guilty plea is reviewable for abuse of discretion. In *North Carolina v. Alford*, the United States Supreme Court held that the acceptance of a guilty plea is a discretionary act within the province of the court. 400 U.S. at 38 n.11. That holding was echoed in *Santobello v. New York*, which held that "[a] court may reject a plea in exercise of sound judicial discretion." 404 U.S. 257, 262 (1971). After *Alford*, federal courts of appeal that have considered the question are uniform in finding that courts have discretion with regard to acceptance of guilty pleas. *See, e.g.,United States v. Bettelyoun*, 503 F.2d 1333, 1336 (8th Cir. 1974); *United States v. Martinez*, 486 F.2d 15, 20 (5th Cir. 1973); *United States v. Melendrez-Salas*, 466 F.2d 861, 862 (9th Cir. 1972) (per curiam); *United States v. Bednarski*, 445 F.2d 364, 365–66 (1st Cir. 1971). The review of that discretion, however, is a matter of some disagreement in this case.

At the summary disposition hearing, the district court articulated some uncertainty as to the proper standard to review the district court's rejection of a guilty plea. For example, the court

asked the attorneys, "have you found a single case that suggests that a decision not to accept an *Alford* decision is subject to an abuse of discretion standard?" Despite counsel's failure to bring any cases to the district court's attention, there is a substantial body of authority in other state courts for reviewing the rejection of an *Alford* guilty plea for abuse of discretion. *See, e.g.*, *Campbell v. Commonwealth*, No. 2007-SC-000146-MR, 2009 WL 1830804, at *8 (Ky. June 25, 2009) (unpublished opinion) ("[T]he trial court did not abuse its discretion in rejecting the plea agreement."); *State v. Hager*, 630 N.W.2d 828, 833 (Iowa 2001) ("We review a decision of the district court to reject a guilty plea for an abuse of discretion."); *State v. Parr*, 542 S.E.2d 69, 73 (W.Va. 2000) (holding that a court's rejection of a guilty plea is reviewed for an abuse of discretion).

This Court, however, has never expressly articulated the precise standard by which the rejection of a guilty plea will be reviewed. However, in *State v. Jones*, the Court of Appeals noted that "[a] trial judge's decision whether to accept guilty pleas from defendants who assert their innocence, therefore, is a discretionary one." 129 Idaho 471, 474, 926 P.2d 1318, 1321 (Ct. App. 1996) (citing *Alford*, 400 U.S. at 38 n.11). In this case, both the district court and the Court of Appeals cited *Jones* to support an abuse of discretion standard. We agree and now hold that a district court's refusal to accept an *Alford* guilty plea is reviewable for abuse of discretion.

In considering a claimed abuse of discretion, this Court applies a three-factor test focusing upon: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Indian Springs L.L.C. v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 747, 215 P.3d 457, 467 (2009). Schoger argues that the district court abused its discretion because the court misconstrued and misapplied the United States Supreme Court's holding in *Alford*. During the plea colloquy, the district court stated:

> It's one thing to enter an *Alford* guilty plea under true *Alford* circumstances, which was, 'I don't recall,' whether it be a function of mental illness, whether it be a function of voluntary consumption of alcohol, or other items. But an *Alford* plea, in my view, is not an appropriate mechanism for a defendant to say, 'I didn't commit the crime, but I wish to avail myself of a plea offer in this case.'

In its memorandum opinion, the district court "articulated the philosophical reservations that have resulted in [the district court's] consistent refusal to accept *Alford* pleas except in those

7

instances where the defendant lacks recollection of the events giving rise to the charge." In a footnote, the district court stated "[t]he Court recognizes that these reservations [about accepting *Alford* pleas] are precisely the sort discussed by the United States Supreme Court in *Alford* in the constitutional analysis of the voluntariness of the plea." As noted above, Schoger argues that the district court's rationale for its ruling is inconsistent with the legal standards articulated in *Alford*, and consequently, that the court did not reach its decision through an exercise of reason. Thus, Schoger's claim of ineffective assistance of appellate counsel requires an examination of *Alford* pleas.

In *Alford*, the United States Supreme Court upheld the trial court's acceptance of a guilty plea from a defendant even though he asserted factual innocence to the charge of second degree murder. 400 U.S. 25. In that case, the trial court heard evidence from various witnesses that strongly indicated Alford's guilt before accepting his plea. *Id*. at 27. Alford then testified that:

> I pleaded guilty on second degree murder because they said there is too much evidence, but I ain't shot no man, but I take the fault for the other man. We never had an argument in our life and I just pleaded guilty because they said if I didn't they would gas me for it, and that is all.

*Id.* at 29 n.2. The Supreme Court found such a plea to be constitutionally permissible so long as the charge is supported by a strong factual basis. In sum, the Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id*. Idaho recognized the validity of an *Alford* plea as early as 1981 when we stated, "[a]s long as there is a strong factual basis for the plea, and the defendant understands the charges against him, a voluntary plea of guilty may be accepted by the court despite a continuing claim by the defendant that he is innocent." *Sparrow v. State,* 102 Idaho 60, 61, 625 P.2d 414, 415 (1981) (citing *Alford*, 400 U.S. at 25).

In this case, the district court did not abuse its discretion in rejecting Schoger's guilty plea. As the law above demonstrates, district courts are given wide discretion in determining whether a strong factual basis exists for the plea. Throughout the plea colloquy, the district court displayed persistent uncertainty as to whether a factual basis existed for Schoger's plea. The court expressly told Schoger that it was asking her questions in order to establish a factual basis for her plea. After coming to a preliminary conclusion that Schoger "committed the crime of trafficking in methamphetamine in a quantity greater than 200 grams," the court demonstrated its

hesitancy by asking "a couple of follow-up questions." At that point, the court for the first time asked specifically about the methamphetamine found in the bedroom. The transcript reflects that after each question by the court pertaining to the methamphetamine found in the bedroom, Schoger looked to her attorney for answers. The court commented upon Schoger's uncertainty, noting that:

> it always makes me nervous when I'm talking to somebody who is looking to their attorney to see apparently what sort of answers they ought to give. And I couldn't help but notice some reticence on Ms. Schoger's part when it came to the question of possession. That's why I asked the follow-up questions.

Moreover, in response to the district court's question involving possession of the methamphetamine, Schoger's lawyer commented that:

> with regard to the methamphetamine that was in the house, primarily Mr. Davis was the person that was handling that methamphetamine. Ms. Schoger indicates that he would basically keep it hidden from Ms. Schoger. However, that she did reside in the residence, and we strongly believe that the state is going to be able to prove constructive possession if this matter does proceed to trial.

Thus, Schoger's own lawyer displayed doubt as to whether there was a strong factual basis for the charge. The comment that Schoger strongly believed the state would be able to prove constructive possession simply because she resided in the residence did little to alleviate the district court's tentativeness as to the factual basis for the charge.

Viewed as a whole, the conversation at the plea colloquy demonstrates that the district court held reasoned reservations about whether a factual basis existed for Schoger's guilty plea. It recognized that it must make the discretionary determination as to whether a factual basis existed, and asked questions pertinent to obtaining that factual basis. Thus, the district court correctly perceived the issue as one of discretion and reasonably acted within the bounds of that discretion. Between Schoger's obvious uncertainty as to the answers to the court's questions and her lawyer's declaration that a factual basis may not exist for the plea, we cannot say that the district court abused its discretion in rejecting Schoger's guilty plea.[4]

---

[4] Our decision should not, however, be read to cast doubt upon of the legitimacy of *Alford* pleas in Idaho. We reiterate that there is a substantial body of Idaho case law demonstrating that *Alford* pleas may rightfully be accepted in situations where the defendant asserts factual innocence. *See, e.g.*, *Rhoades v. State*, No. 35021, 2009 WL 3415732, \*1 (Idaho Oct. 26, 2009) ("The parties subsequently entered into a plea agreement relating to the Haddon murder/robbery wherein Rhoades entered an '*Alford*' plea, maintaining his innocence in the case but conceding that "a conviction may be had on the charges as presently filed."); *McKeeth v. State*, 140 Idaho 847, 849, 103 P.3d 460, 462 (2004); *State v. Jakoski*, 139 Idaho 352, 353 n.1, 79 P.3d 711, 712 n.1 (2003) ("When making an *Alford* plea . . .

9

Alternatively, Schoger argues that appellate counsel provided ineffective assistance for failing to pursue a claim that the district court *lacked the discretion* to reject her *Alford* plea. The State argues that Schoger was not prejudiced by appellate counsel's decision not to pursue the lack of discretion claim because the argument would not have been successful on appeal. Thus, this Court must analyze whether there is a reasonable probability that Schoger would have prevailed with a lack of discretion challenge on appeal. *See State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008).

At the outset, it is clear that *Alford* does not establish the right of a criminal defendant to have a guilty plea accepted, as *Alford* itself recognized that there is no constitutional right to plead guilty. 400 U.S. at 38 n.11. The *Alford* opinion recognized that under the U.S. Constitution, acceptance of pleas is within the court's discretion, and that a state might establish such a right by statute or might "bar [its] courts from accepting guilty pleas from any defendants who assert their innocence." *Id*. Thus, the inquiry must focus upon state law to determine whether Idaho has imposed any particular duty on its courts to accept guilty pleas, or alternatively, whether it instead reposes discretion in them.

Here, Schoger argues that Idaho Criminal Rule 11 required the district court to accept her *Alford* plea. Rule 11(a) states in relevant part:

(a) **Alternatives**.

(1) **In General**. A defendant may plead guilty or not guilty. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall direct the entry of a plea of not guilty.

(2) **Conditional Pleas**. With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling . . . .

Idaho Crim. R. 11(a). Schoger argues that because Rule 11(a)(2) has a provision requiring the approval of the court to accept conditional guilty pleas, but Rule 11(a)(1) does not contain a requirement that the court approve of an unconditional guilty plea, under the statutory

---

the defendant pleads guilty while at the same time asserting that he or she is innocent of the charge."); *State v. Leon*, 142 Idaho 705, 132 P.3d 462 (Ct. App. 2006); *State v. Barrett*, 138 Idaho 290, 293, 62 P.3d 214, 217 (Ct. App. 2003); *State v. Wilson*, 136 Idaho 771, 772, 40 P.3d 129, 130 (Ct. App. 2001).

construction principle of *inclusion unius est alterius* (the inclusion of one thing is the exclusion of another), the rule necessarily requires the defendant to have a statutory right to plead guilty. *See Koon v. Bottolfsen*, 66 Idaho 771, 775, 169 P.2d 345, 346 (1946). Additionally, Schoger argues that the word "may" in Rule 11(a)(1) should be construed to confer a statutory right under the principle that the word "may" in a statute or rule should be construed as mandatory when the public interest or individual rights so require. *See Larson, Roubal & Assocs. v. Bd. of Comm'rs*, 124 Idaho 794, 801, 864 P.2d 632, 639 (1933). Lastly, Schoger argues that the language of Rule 11 is identical or analogous to the language in other state statutes that courts have found to confer a statutory right to plead guilty. The State, on the other hand, argues that while other jurisdictions may have granted credence to similar arguments, the law is not fully articulated or established in Idaho, and thus appellate counsel's failure to raise the argument does not constitute deficient performance.

Schoger's claims are subject to the same standards set forth in *Strickland. Mitchell v. State*, 132 Idaho 274, 277, 971 P.2d 727, 730 (1998). "Where the alleged deficiency is counsel's failure to file or pursue certain motions, a conclusion that the motion, if pursued, would not have been granted, is generally determinative of both prongs of the *Strickland* test." *State v. Hairston*, 133 Idaho 496, 512, 988 P.2d 1170, 1186 (1999). However, this Court will generally not find deficient performance where counsel fails to argue a novel theory in an undeveloped area of law. *Piro v. State*, 146 Idaho 86, 91–92, 190 P.3d 905, 910–11 (Ct. App. 2008). Other jurisdictions similarly hold that the failure to advance a novel theory will not result in ineffective assistance of counsel under *Strickland. See, e.g.*, *Lucas v. O'Dea,* 179 F.3d 412, 420 (6th Cir.1999) (stating that only in a very rare case will counsel's performance be determined to be ineffective for failing to make an objection that would have been overruled under then-prevailing law); *Green v. Johnson,* 116 F.3d 1115, 1125 (5th Cir. 1997) (holding that there is no general duty on behalf of counsel to anticipate changes in the law and that counsel is not ineffective for failing to raise a claim that courts have repeatedly rejected); *Haight v. Commonwealth,* 41 S.W.3d 436, 448 (Ky. 2001); *Alvord v. State,* 396 So.2d 184, 191 (Fl. 1981) (holding that the ineffectiveness of appellate counsel cannot be based upon the failure of counsel to assert a theory of law which was not at the time of appeal fully articulated or established in the law).

In Idaho, the current state of the law is reflected in *Jones*, which noted that a district court's decision whether to accept an *Alford* plea is discretionary. 129 Idaho at 474, 926 P.2d at

1321 (citing *Alford*, 400 U.S. at 38 n.11). While there is disagreement between the parties as to whether the assertion in *Jones* is dicta, at bottom, the case either indicates that the court has discretion, or alternatively, that the law is not fully articulated or established in Idaho. We hereby remove all doubt by holding that no provision of Idaho law, including I.C.R. 11, requires a court to accept a guilty plea. Acceptance of such a plea is specifically within the discretion of the trial court. Thus, appellate counsel here did not perform deficiently by failing to advance a contrary argument.

## III.

We affirm the district court's summary dismissal of Schoger's application for post-conviction relief.

Chief Justice EISMANN, and Justices BURDICK and W. JONES, and Justice Pro Tem TROUT CONCUR.