**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39478**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 411 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES GREGORY TACKETT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Charles Gregory Tackett was charged with misdemeanor driving under the influence (DUI). I.C. § 18-8004C. At his arraignment, Tackett expressed a desire to plead guilty. The state informed the magistrate that it appeared Tackett had two prior DUI convictions and that the state would likely be amending the charge to a felony. However, because the prior DUI convictions were from outside of Idaho, the state did not have time to obtain the judgments of conviction on those charges before the arraignment. The magistrate, uncertain of whether it was necessary to accept Tackett's guilty plea, continued the hearing. The magistrate stated it would allow Tackett to plead guilty if the magistrate came to the conclusion that Tackett had a right, and the magistrate had a duty to accept, a guilty plea at the arraignment.

At the subsequent hearing, both parties presented argument and the magistrate ruled that it did not have an obligation to accept Tackett's plea of guilty and declined to accept Tackett's plea to the misdemeanor charge. The state subsequently amended the charge to a felony DUI.

1

I.C. §§ 18-8004, 18-8005(6).  Tackett entered a conditional guilty plea to the felony, reserving his right to appeal the ruling on the issue of whether he had an absolute right to enter a guilty plea at the misdemeanor arraignment.  This appeal followed.

Tackett argues that Misdemeanor Criminal Rule 6 creates a right to enter a guilty plea and that a magistrate lacks the discretion to reject such a plea.  The state argues that Idaho law does not provide defendants an absolute right to have a court accept a guilty plea.  Where the trial court's decision turns upon the interpretation of an Idaho Criminal Rule, appellate courts exercise free review.  *State v. Weber*, 140 Idaho 89, 91-92, 90 P.3d 314, 316-17 (2004).

It is settled law that a defendant does not have an absolute federal constitutional right to force a court to accept a guilty plea.  *See North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970).  However, states may choose to confer such a right by rule or statute.  *Id.*  Rule 6(b) provides that "the defendant shall have the right to enter a plea to a misdemeanor citation or complaint before the court."  Despite this language, the Idaho Supreme Court has recently stated, "no provision of Idaho law, including I.C.R. 11, requires a court to accept a guilty plea.  Acceptance of such a plea is specifically within the discretion of the trial court."  *Schoger v. State*, 148 Idaho 622, 630, 226 P.3d 1269, 1277 (2010).

Tackett contends that *Schoger* does not control because it can be distinguished.[1]  In *Schoger*, the defendant was charged with trafficking in methamphetamine (400 grams or more).  The state and Schoger reached a plea agreement where Schoger would plead guilty to trafficking in methamphetamine (200 grams or more).  At the plea hearing, Schoger told the court that she possessed 56 grams of methamphetamine and that there was more than 200 grams in her house that she shared with her boyfriend.  The district court then inquired as to whether she intended to exercise control over the drugs in the house and she responded that she did not.  The district court thereafter refused to accept her guilty plea, or in the alternative, an *Alford* plea.  In Schoger's direct appeal, she failed to raise the issue of whether the district court abused its discretion by refusing her *Alford* plea.  However, this issue was later raised in a petition for post-conviction relief, where Schoger argued her appellate counsel provided ineffective assistance.

---

[1]    Tackett also contends that *Schoger* is manifestly wrong and should be overruled.  Because *Schoger* is an Idaho Supreme Court decision, we are bound by stare decisis to follow it and do not possess the authority to consider whether it is wrong and should be overruled.  Therefore, we do not address this issue.

2

*Schoger*, 148 Idaho at 630, 226 P.3d at 1277. The Idaho Supreme Court rejected this argument and stated that "we hereby remove all doubt by holding that no provision of Idaho law, including I.C.R. 11, requires a court to accept a guilty plea." *Id*. The Court then went on to explain that the decision on whether to accept a guilty plea is specifically within the discretion of the trial court. *Id.*

While Tackett is correct in that *Schoger* is distinguishable because it arose in the context of a post-conviction proceeding addressing *Alford* pleas and I.C.R. 11, the pronouncement of the Idaho Supreme Court was both broad and clear. The decision on whether to accept a plea of guilty is within the discretion of the trial court and no provision of Idaho law dictates otherwise. *Schoger*, 148 Idaho at 630, 226 P.3d at 1277. Thus, we reject Tackett's argument that the magistrate had a duty to accept Tackett's plea of guilty and we review the magistrate's decision under the abuse of discretion standard. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Here, the magistrate recognized that the decision of whether to accept Tackett's guilty plea was within the magistrate's discretion. The magistrate carefully considered the difficulties the state faced in situations where a defendant is arrested for a misdemeanor and needs to be brought before a court within twenty-four hours. The magistrate indicated that the interests of justice would not be served by promoting a "race to the courthouse" in cases such as this one. Thus, the magistrate reached its decision by an exercise of reason, consistent with the appropriate legal standard, and did not abuse its discretion when declining to accept Tackett's plea of guilty. Therefore, we affirm Tackett's judgment of conviction for felony DUI.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**