IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40392

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 534 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 11, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GEORGE LEE SPENCER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

George Lee Spencer appeals from his judgment of conviction for felony driving under the influence (DUI). For the reasons set forth below, we affirm.

Officers stopped a vehicle driven by Spencer for failure to maintain its lane of travel. Spencer admitted to consuming alcohol, failed field sobriety tests, and provided breath samples that revealed his breath alcohol concentration was above the legal limit. During a search incident to arrest, officers discovered a metal pipe that tested presumptively positive for marijuana. Spencer was initially charged with four misdemeanors: DUI, second offense; driving without privileges; possession of drug paraphernalia; and failure to provide proof of insurance, second offense. At his initial arraignment, Spencer was advised, in writing, of his rights in misdemeanor cases, including the right to plead guilty or not guilty. The magistrate appointed a public defender to represent Spencer. Thereafter, Spencer failed to appear for his pretrial conference, a bench warrant was issued for his arrest, and Spencer was arrested. The state filed an amended

1

complaint which changed the charge of driving without privileges to a second offense. At his second arraignment, Spencer expressed his desire to plead guilty to all of the charges. However, the state advised the magistrate it believed Spencer had two qualifying prior misdemeanor DUI convictions and that it might seek to amend the DUI charge to a felony. The magistrate set the matter over to the district court without accepting a guilty plea. The state filed a second amended complaint setting forth the charge of felony DUI. At his third arraignment, the district court entered a not guilty plea for Spencer. Spencer filed a motion to dismiss pursuant to I.C.R. 11(a)(l), asserting the magistrate failed to provide him the opportunity to plead guilty to the misdemeanor DUI at his initial arraignment and, therefore, violated his constitutional rights. The district court denied the motion. Pursuant to a plea agreement, Spencer entered a conditional guilty plea to felony DUI, I.C. §§ 18-8004 and 18-8005(6); the state dismissed the remaining charges; and Spencer reserved the right to appeal the decision denying his motion to dismiss. The district court sentenced Spencer to a unified term of ten years, with a minimum period of confinement of one year. Spencer appeals.

Spencer argues the district court abused its discretion by denying his motion to dismiss. Specifically, Spencer asserts the magistrate violated I.C.R. 11(a)(1) when it did not inquire of Spencer whether he wanted to plead guilty at his initial arraignment.

Idaho Criminal Rule 11(a)(1) provides that a defendant may plead guilty or not guilty and, if a defendant refuses to plead, the court shall direct the entry of a plea of not guilty. However, I.C.R. 11(a)(1) does not mandate that a court must inquire of a defendant whether he or she wishes to plead guilty to charges at an arraignment. Also, Spencer does not dispute that he received a written statement of rights at his initial arraignment, which included notice of the right to plead guilty or not guilty to the charges. At that hearing, the magistrate asked Spencer whether he had any question regarding his rights. Spencer responded that he did not and did not indicate to the magistrate that he wished to plead guilty. Further, it is settled law that a defendant does not have an absolute federal constitutional right to force a court to accept a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 38 n.11 (1970). States may choose to confer such a right by rule or statute. *Id.* However, the Idaho Supreme Court recently stated, "no provision of Idaho law, including I.C.R. 11, requires a court to accept a guilty plea. Acceptance of such a plea is specifically within the discretion of the trial court." *Schoger v. State*, 148 Idaho 622, 630, 226 P.3d 1269, 1277 (2010). Thus, Spencer has not shown the magistrate erred by not inquiring of

2

Spencer whether he wished to plead guilty to the charges at issue at his initial arraignment. Accordingly, the district court did not abuse its discretion by denying Spencer's motion to dismiss. Spencer's judgment of conviction for felony DUI is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**