**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45672**

| | | |
|---|---|---|
| ANTHONY MICHAEL MATNEY, | ) | |
| | ) | **Filed: August 8, 2019** |
| Petitioner-Appellant, | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik H. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Anthony Michael Matney appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Matney contends the district court erred in summarily dismissing his petition because he alleged a genuine issue of material fact entitling him to an evidentiary hearing. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Matney was charged with felony driving under the influence of alcohol (DUI) and a persistent violator enhancement based on three prior felony DUI convictions. Matney pled guilty to the felony DUI and admitted the enhancement. Although represented by counsel, prior to

1

sentencing, Matney filed a pro se motion to withdraw his guilty pleas.[1] The motion was based on allegations related to the persistent violator enhancement. After consulting with counsel and being questioned by the district court, Matney withdrew his motion. The district court sentenced Matney to a unified term of twenty-five years, with a minimum period of confinement of six and one-half years. Matney subsequently filed a petition for post-conviction relief, alleging several claims including claims that his trial counsel was ineffective. The district court appointed counsel to represent Matney. The State filed a motion for summary dismissal, which the district court granted. Matney appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Although Matney alleged numerous claims in his post-conviction petition, his argument on appeal is limited to a single ineffective assistance of trial counsel claim--Claim 9(k). In Claim 9(k), Matney alleged that trial counsel misrepresented the law relative to Matney's pro se motion to withdraw his guilty pleas. Specifically, Matney alleged that, when he discussed his pro se motion with trial counsel prior to sentencing, trial counsel advised Matney that it was "too late" to withdraw his guilty pleas and that withdrawal of his pleas was "absolutely not allowed." Matney asserts that the district court's summary dismissal of this claim was erroneous because the dismissal was based on Matney's failure to prove his ineffective assistance of counsel claim rather than the correct legal standard, which only required Matney to allege a genuine issue of

---

[1] Matney's request to withdraw his guilty pleas was in the form of a letter to the district judge. The district court in this case took judicial notice of that letter. As a result, the letter (characterized as a motion) has been augmented into the record on appeal in this case.

2

material fact. The State responds that, although Matney's allegations were adequate with respect to deficient performance, summary dismissal was appropriate because Matney failed to allege facts demonstrating he was prejudiced by trial counsel's alleged deficiency. The State also contends that, although the district court's language may have been imprecise, nothing about its decision indicates it disregarded the summary dismissal standards it accurately identified in its written order. In reply, Matney contends this Court should reject the State's prejudice argument for two reasons: (1) it is not preserved because it is made for the first time on appeal and (2) affirming summary dismissal on this basis would deprive Matney of the notice required by I.C. § 19-4906(b). We hold that Claim 9(k) was properly dismissed without an evidentiary hearing because Matney failed to allege prejudice and he had adequate notice of this deficiency.

Claims in a post-conviction petition may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). In *Schoger v. State*, 148 Idaho 622, 624, 226 P.3d 1269, 1271 (2010), the Idaho Supreme Court articulated the standard for summary dismissal of an ineffective assistance of counsel claim as follows:

> For an application for post-conviction relief based on a claim of ineffective assistance of counsel to survive summary dismissal, the petitioner must establish that: (1) a material issue of fact exists as to whether counsel's performance was deficient; and (2) a material issue of fact exists as to whether the deficiency prejudiced the [petitioner's] case.

Thus, the petitioner has the burden of showing both that the attorney's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* at 694.

We first address Matney's assertion that the district court applied an incorrect legal standard. In its written decision, the district court accurately quoted the law applicable to summary dismissal of a post-conviction petition. However, Matney asks this Court to conclude

that the district court did not follow those standards because the district court used the word "established" in concluding that Matney failed to satisfy either prong of the *Strickland* standard in relation to Claim 9(k). According to Matney, "established" means "proved" and, although the district court did not use the word "proved," its use of the word "established" demonstrates it required Matney to prove his claims at the summary dismissal stage. We decline to construe the district court's decision in the manner Matney urges. The Idaho Supreme Court has used the word "established" in articulating the standard for summary dismissal of an ineffective assistance of counsel claim, as reflected in the legal standards set forth above. The district court's use of the same word in its analysis of Claim 9(k) does not demonstrate that it departed from the standards applicable to its summary dismissal decision even though the word was not used in conjunction with the phrase "genuine issue of material fact." We therefore decline Matney's request to vacate and remand on this basis.

We now examine whether Matney presented admissible evidence establishing a genuine issue of material fact that trial counsel was deficient with respect to his representations regarding Matney's pro se motion to withdraw his guilty plea and whether he was prejudiced as a result of the alleged deficiency. On appeal, the State concedes that Matney's allegation that trial counsel advised Matney that motions to withdraw a guilty plea are "absolutely not allowed" was sufficient to establish a prima facie case of deficient performance because such a comment, if made, would be a misstatement of the law. Thus, whether summary dismissal of Claim 9(k) was appropriate turns on whether Matney alleged a genuine issue of material fact as to the prejudice prong.

Prejudice in relation to Claim 9(k) required Matney to allege a genuine issue of material fact that, but for trial counsel's alleged deficiency (advising Matney that withdrawal of his plea was "not allowed"), there is a reasonable probability that the result of the proceeding would have been different. At a minimum, the different result would have been that Matney pursued his pro se motion to withdraw his guilty pleas prior to sentencing. Claim 9(k) contains no allegations of this nature. The claim only alleges that trial counsel provided erroneous information regarding Matney's ability to file the motion; that trial counsel did so in order to "keep his secret unwritten 'agreement' with the Prosecutor;" that Matney's attempt to withdraw his plea is "evidence" that he was not a party to the agreement; and that his motion to withdraw

4

his plea demonstrates the plea was not knowing, intelligent, and voluntary. Matney did not allege that, but for counsel's erroneous statement, he would have pursued his motion.

On appeal, Matney contends that specific allegations of prejudice were not required because the only reasonable inference from the allegations he did make was that he relied on trial counsel's misstatement when Matney decided to withdraw his motion and that the district court was required to draw that inference. We disagree. Although the district court was required to accept Matney's uncontroverted facts as true, the district court was not required to draw inferences regarding unalleged prejudice because it was Matney's burden to present such allegations in the first instance. Whether counsel's statement regarding the law actually caused Matney to withdraw his motion was squarely within Matney's personal knowledge and, as an element of his ineffective assistance of counsel claim, he was required to allege as much in order to establish a genuine issue of material fact as to prejudice. *See Kelly*, 149 Idaho at 521, 236 P.3d at 1281 (noting requirement that petitioner must verify facts within his personal knowledge); *DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009) (noting requirement that petitioner must make a prima facie case by presenting admissible evidence on each essential element of his claim); *see also Schoger*, 148 Idaho at 626, 226 P.3d at 1273 (affirming summary dismissal of ineffective assistance of counsel claim because petitioner failed to meet her burden of proving causation element of her ineffective assistance of counsel claim, i.e., failing to show prejudice). Because Matney failed to allege prejudice in Claim 9(k), this claim was properly dismissed without an evidentiary hearing as long as Matney had notice that the claim was subject to dismissal on this basis.

Idaho Code Section 19-4906(b) entitles a petitioner to twenty days' notice of the reasons his claims are subject to summary dismissal. The district court dismissed Claim 9(k) pursuant to the State's motion for summary dismissal. In its motion, the State identified the standards applicable to summary dismissal of an ineffective assistance of counsel claim and asserted that Matney failed to support his claims with admissible evidence and failed to show "how his counsel's actions were deficient, and more importantly, how that deficiency prejudiced [him]." Addressing Matney's claim regarding "his ability to withdraw his guilty plea[s]," the State asserted that the transcript of the sentencing hearing included a discussion regarding Matney's pro se motion and noted that he never indicated during that hearing that he was "being forced to

withdraw" his motion. Rather, the transcript reflected Matney insisted on proceeding to sentencing.

Matney, through post-conviction counsel, filed a response to the State's motion. With respect to Claim 9(k), Matney asserted: "Not only does the allegation that a guilty plea cannot be withdraw[n] misstate the law, but in light of the allegation that underlying counsel allegedly accused [Matney] of being illiterate, it would have been appropriate to move for a withdrawal of a plea on this basis."[2] Matney then requested an "expanded hearing" to "offer testimony and evidence."

The State filed a reply to Matney's response, stating its primary argument was that Matney "failed to provide admissible evidence that his [trial counsel] was ineffective and that the outcome would have been different." The State further asserted:

> [Matney] has requested that summary dismissal be denied so that he can explore the issue of whether his trial counsel's acknowledgment of his illiteracy should have been an issue to be explored, is without merit. It is [Matney's] responsibility to provide admissible evidence to prove his case with the Petition, not wait for some discovery excursion during an evidentiary trial. Furthermore, the transcripts of the change of plea which were attached to the [State's] Answer clearly indicate that [Matney] was well aware of the issues, and made a reasoned decision to plead guilty.

Additionally, the State cited the sentencing transcript as evidence that Matney represented to the district court that he did not want to withdraw his guilty pleas. The State concluded its reply with its position that Matney failed to allege any genuine issue of material fact.

At the summary dismissal hearing, post-conviction counsel characterized Claim 9(k) as a "side issue" and noted it was "clear error" for trial counsel to tell Matney he could not file a motion to withdraw his guilty pleas. Post-conviction counsel then argued that the "problem" was that it was a "mystery" what Matney understood or what his trial counsel told him, and therefore a hearing was appropriate to "determine those issues." The State responded:

> [T]he evidence is not there. Counsel indicated that it was a mystery what [Matney] was told, a mystery what [Matney] understood. Well, that's exactly the

---

[2]    There is no allegation in Claim 9(k) that relates to Matney's literacy. That allegation appears in Claim 9(a) in which Matney alleged that trial counsel "used derogatory and demeaning language (calling Matney 'illiterate') to intimidate him."

6

type of information that needs to be in this record. That's why it's talking about admissible evidence in the record to support that.

And so based on--on summary dismissal standards, this petition fails to carry with it admissible evidence to show what would have happened, what the result would have been. Could, maybe, perhaps the result would have been different is not the standards. There has to be admissible evidence to show that the outcome would have been different.

We reject Matney's assertion that the State's argument regarding the absence of evidence of prejudice is being raised for the first time on appeal. We also reject Matney's related assertion that he did not receive notice that Claim 9(k) was subject to dismissal on this basis. The State's motion for summary dismissal, its reply, and its argument at the summary dismissal hearing all noted Matney's failure in this regard.[3] *See Kelly*, 149 Idaho at 522, 236 P.3d at 1282 (holding that State's motion for summary dismissal of ineffective assistance of counsel claim provided adequate notice by identifying *Strickland* standard, asserting there was no evidentiary basis for petitioner's claims, and citing law supporting proposition that petitioner had burden to identify deficient acts or omissions of counsel). To the extent Matney asserts the State's arguments in the district court did not adequately communicate its position that Matney failed to allege prejudice, such an argument may not be considered for the first time on appeal. *See Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1; *DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. Matney has failed to show error in the summary dismissal of Claim 9(k).

## IV.

## CONCLUSION

Matney has failed to show the district court applied an incorrect legal standard in summarily dismissing the ineffective assistance of trial counsel claim alleged in Claim 9(k).

---

[3] On appeal, Matney suggests that, if he had received notice that Claim 9(k) failed to allege prejudice, he would have amended his petition to cure this deficiency. This assertion is inconsistent with post-conviction counsel's decision *not* to amend the petition despite its obvious defects. Rather, post-conviction counsel elected not to waive any of Matney's pro se claims and pursued only the three claims counsel deemed to have merit. Even as to those claims it appears post-conviction counsel construed them as essentially one claim that was based on trial counsel believing Matney was illiterate because he alleged trial counsel called him illiterate and trial counsel's failure to pursue a motion to withdraw Matney's guilty pleas based on that alleged illiteracy. The district court, which also appears to have conflated Matney's claims as a result, found that Matney is not illiterate and that his guilty pleas were not invalid on this basis.

Because Matney failed to establish a genuine issue of material fact on the prejudice prong of Claim 9(k) and, because he received adequate notice that Claim 9(k) was deficient in that regard, summary dismissal of Claim 9(k) was appropriate. We therefore affirm the district court's judgment summarily dismissing Matney's petition for post-conviction relief.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.